**In re Lee D. GORDON and Linda J. Gordon, Debtors,**

v.

**DENNIS BURLIN SALES, INC., et al., Respondents.**

**Bankruptcy No. 94–10908.**

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

Oct. 27, 1994.

Scott I. Levey, Mondello & Levey, Cleveland, OH, for Dennis Burlin Sales, Inc.

Frederick D. Kanter, Steven A. Freedman, Cleveland, OH, for Lee and Linda Gordon.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

In this contested matter, the Court must determine whether certain conduct allegedly conducted by the Defendants, Dennis and Betsy Burlin (the Burlins) constituted a violation of the automatic stay provision of § 362(a) of the Bankruptcy Code [11 U.S.C. 362(a) ].

On March 3, 1994, co-debtors Lee and Linda Gordon (the Debtors) caused to be filed their voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Court issued its order discharging these debtors from all of their dischargeable obligations on August 10, 1994. Subsequent to the issuance of their discharges, and prior to case closing, the Debtors filed their Motion to Enforce Automatic Stay against the Bur-

lins and against Dennis Burlin Sales, Inc. Upon an extensive evidentiary hearing on the matter, the following constitutes the Court's factual findings and conclusions of law.

For a period of more than twenty-two years, the Debtors and the Burlins were very close friends. They socialized together periodically, and the Burlins formerly served as the godparents to the Debtor's eldest son. Prepetition, Co-debtor Lee Gordon experienced employment difficulties and found it necessary to obtain a $5,000.00 loan from the Burlins. A promissory note was executed by Lee Gordon in favor of the Burlins, as security thereon. The loan was not repaid. Several months prior to petition filing, personal disgruntlements which developed between parties before, during and after the Gordons' eldest son's bar mitzvah resulted in the demise of what had been a long-standing friendship between these parties. Following the breakup of their friendship, with the $5,000.00 loan never being repaid by Lee Gordon, the Burlins filed an action on the promissory note in state court and obtained a judgment. Before the Burlins could enforce their judgment, the Debtors sought relief by filing their voluntary Chapter 7 petition.

Postpetition, while patronizing a neighborhood deli with another friend couple and their children, the Debtors allege that the Burlins arrived at the deli sometime after their arrival and called them "f---ing scum" as they passed the Debtors' table enroute to their own table. Upon completion of their meal, the Burlins exited the deli, once again passing by the Debtors' table. Thereupon, Lee Gordon followed the Burlins outside of the deli to admonish Dennis Burlin for the alleged disparaging remark he made to the Debtors in the presence of their friends upon entering the deli. (Lee Gordon, Direct.) The order and content of the conversation which transpired outside of the deli in the parking area is disputed. Co-debtor Lee Gordon contends that, without provocation on his part, Dennis Burlin called him a "f---ing bankrupt, f---ing faggot," and "I'm going to kill you," in addition to demanding the repayment of some $5,900.00 from Gordon. *Id.* Contrary to this assertion, Co-defendant Betsy Burlin testified that her husband, Dennis

Burlin, never demanded repayment of any money from the Debtors at any time. Upon inquiry, she testified that it was "possible" that other words attributed to Dennis Burlin may have been stated by him. Any provocation for the verbal altercation, testified Betsy Burlin, was caused by Lee Gordon when he asked her husband "to let me see your underwear." Co-defendant Dennis Burlin did not testify.

In view of this disputed exchange of words, the Court must determine (1) Whether denigrating and distasteful words directed towards a debtor in bankruptcy by a prepetition claimant can constitute a violation of the stay provision of § 362(a) of the Bankruptcy Code and (2) Whether the Burlins made a demand for repayment of the loan in violation of the automatic stay provision of § 362(a).

The Defendant Burlins contend that if the subject words were directed at the Debtors, they were nothing more than an exercise of their Constitutional right to freedom of speech as guaranteed by the First Amendment. Secondly, they assert that no demand was ever made by them or by anyone on their behalf postpetition for the return of their money. The Debtors, on the other hand, contend that the Burlins continually made efforts both prepetition and postpetition to discredit them before their acquaintances and dunned them for repayment of the loan.

Section 362 of the Code addresses the automatic stay which is attendant to bankruptcy relief. In pertinent part, subsection (a) provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 301—operates as a stay, applicable to all entities, if—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the com-

mencement of the case under this title.

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title.

---

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

■ In view of the alleged conduct which occurred inside and outside of the deli postpetition, the Debtors seek an enforcement of the above-referenced stay provision of § 362(a). As the movants, the Debtors have the burden of proof and are obliged to meet their burden of proof by a preponderance of the evidence standard.

The testimony and admitted documentary evidence of the parties were reviewed.[1] The testimony of Barbara A. Kumin and Jeremy Kumin was credible.

■ While dining with the Debtors at the deli on April 24, 1994, neither Barbara Kumin or her husband heard Dennis Burlin or any member of his family make any remark to the Debtors upon the Burlins' entry into the deli. Nor did the Kumins hear Dennis or Betsy Burlin demand a repayment of any money during the verbal altercation between Lee Gordon and Dennis Burlin outside of the deli. Yet, the Burlins testified extensively regarding what transpired. In fact, only the Debtors testified persuasively from apparent first hand independent knowledge that Dennis Burlin demanded the repayment of $5,900.00. As a result, what remains is the Debtors' contention that Dennis Burlin demanded the subject repayment, whereas the Burlins contend that no demand was made. Without an independent witness source to buttress the Debtors' contention, their burden of proof has not been met by a preponderance of the evidence standard, not to mention a clear and convincing evidence standard which is a more onerous burden of

proof. *See, In re Smith,* 170 B.R. 111 (Bankr.N.D.Ohio 1994). In brief, the Debtors' contention is controverted evenly by the Burlins' contradictory testimony.

Furthermore, it is disputed as to which party provoked the other during the postpetition altercation on April 24, 1994. It is also disputed why the remarks allegedly made by Dennis Burlin were made. The testimony adduced by the Debtors does not sustain their burden of proof in this regard.[2] Interestingly, both parties claim that they were victims of the other party during the April 24, 1994 altercation. With the Debtors' failure to adduce evidence sufficient to ascertain who initiated the subject altercation, the Debtors' burden of proof is not met to afford them the relief they seek.

■ The language attributed to Dennis Burlin, other than the aforementioned insufficiently supported demand of payment allegation, does not rise to the level of a willful violation of the automatic stay. Mere words, although conceivably disparaging, distasteful or denigrating, without a clearly manifested attempt to recover on a prepetition claim (§ 362(a)(1)), to enforce a prepetition judgment (§ 362(a)(2)), or to accomplish any other act expressly proscribed by the several subsections under § 362(a) is insufficient to satisfy the elements of § 362(h). *See, In re Outlaw,* 66 B.R. 413, 416 (Bankr.E.D.N.C. 1986) (Creditor's conduct of parking his car outside debtor's home all night did not violate the stay.) Although it scared her son, creditor did not mention the debt or try to collect his claim. *In re Stonegate Sec. Svcs., Ltd.,* 56 B.R. 1014, 1019 (N.D.Ill.1986). (In order for § 362 to constitutionally curtail 'harassing' speech, the speech must be truly obstructive to the judicial process. Annoying behavior is not enough.) Under subsection (h), the following is noted:

An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate

---

1. Interestingly, the Debtors conducted no discovery nor exhibited any documents in support of their motion to enforce stay.

2. Co-defendant Dennis Burlin was not called to testify by either party as a witness.

circumstances, may recover punitive damages. 11 U.S.C. 362(h).

In the matter at bar, if the Co-defendant Dennis Burlin did indeed make the postpetition demand for loan repayment, the Debtors have failed to offer adequate proof to demonstrate such a demand was made. Moreover, although injuries were alleged, the Debtors have failed to substantiate any injuries. They offered no documentary evidence, as movants, to support a claim of injury. In fact, the documentation offered by the Defendants (Burlins) demonstrate that neither Debtor complained of injuries which may be causally related to the subject altercation with the Burlins. Rather, the documentation offered by the Burlins, as well as Linda Gordon's testimony, in part, demonstrated that certain of her physical/emotional complaints pre-existed the alleged postpetition conduct of the Defendants. Thusly, the Debtors have proved no injuries nor a willful violation of the automatic stay provision under § 362(a) of the Code.

### Conclusion

Accordingly, the Debtors' Motion To Enforce The Stay is hereby denied. Each party is to bear its respective costs.

IT IS SO ORDERED.